IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KANEM SLEDGE ) | |
| ) | |
| **Plaintiff** ) | CIVIL ACTION NO. |
| ) | |
| v ) | |
| ) | |
| NEXSTAR MEDIA GROUP, INC dba ) | JURY TRIAL DEMANDED |
| WRBL TV ) | |
| ) | |
| **Defendant** ) | |
| _____) | |

## COMPLAINT

COMES NOW Plaintiff, Kanem Sledge, and respectfully shows as follows**:**

## INTRODUCTION

**1.**

This is an action alleging discrimination under the Americans With Disabilities Act Amendments Act (ADAAA), 42 U.S.C. §§ 12101, *et seq*. Plaintiff seeks actual and compensatory damages, punitive damages, back pay, front pay, attorneys' fees and costs, as well as a trial by jury. Plaintiff sues for damages and equitable relief pursuant to the Age Discrimination and Employment Act, 29 U.S.C. §§ 621, *et seq*. together with liquidated damages Plaintiff seeks reimbursement for her litigation expenses and a reasonable attorney's fee.

Plaintiff also seeks equitable relief, including reinstatement to his pre-discrimination employment status or front pay in lieu of reinstatement.

## PARTIES, JURISDICTION AND VENUE

**2.**

Kanem Sledge, hereinafter "Plaintiff," is a citizen of Georgia regarded as having a disability by Defendant and is a resident of Columbus, Muscogee County, Middle District of Georgia.

**3.**

Nextstar Media Group, Inc, "Nextstar" or simply "Defendant", is a body corporate under the laws of the State of Delaware. Defendant owns and operates a large number of television stations in the U.S., including WRBL-TV ("WRBL") located at 1350 13th Avenue, Columbus, GA 31901.

**4**.

The claims in this lawsuit present federal questions. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), 42 U.S.C. § 12117(a).

**5.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and division and the

employment practices involved in this dispute occurred in Columbus, Middle District, Georgia.

## ADMINISTRATIVE REMEDIES

**6.**

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 24, 2020 in which he alleged with particularity his claims of perceived disability. (Exhibit A).

**7.**

Plaintiff received a Notice of Right to Sue from the EEOC issued on May 20, 2020. (Exhibit B).

**8.**

Plaintiff has exhausted all administrative remedies prior to initiating this lawsuit.

**9.**

This action is brought within 90 days from receipt of the Notice of Right to Sue.

## FACTS

**10.**

In March 1999 Plaintiff commenced employment at WRBL-TV/ Nexstar Media Group, Inc. as a fulltime News Director.

**11.**

Plaintiff began his career at WRBL as the 11pm News Director.

**12.**

In 2003 Plaintiff began directing the 6pm newscast and the 11pm newscast.

**13.**

Plaintiff has been directing both newscasts for the last 17 years.

**14.**

Plaintiff was a 47-year-old African American male when the discrimination began.

**15.**

In August of 2019, Plaintiff went to a hospital emergency room (ER) with chest fluttering and having difficulty breathing while walking.

**16.**

The ER physicians confirmed that Plaintiff was experiencing Atrial Fibrillation and moved him to the intensive care unit.

**17.**

Plaintiff was released from the hospital and sent home with 6 different medications and a defibrillator vest.

**18**.

Plaintiff's ability to do his job was not impaired, however.

**19.**

Within a short time, following Thanksgiving, 2019 Plaintiff was informed that he was being made a part-time employee by one of the station managers.

**20.**

Plaintiff's hours were then cut to 3 hours per day 4 days per week and then to 1 hour per day at 3 days per week.

**21.**

While there have been other time reductions to persons similarly situated and not considered by Defendant as disabled, none was penalized to the extent that Plaintiff was.

**22.**

Several of those persons are not 40 years of age or greater and were less qualified than Plaintiff in material ways, such as operations strength, successful experience and more.

**23.**

Though news production creates an inherently stressful environment Plaintiff could have performed his job with or without accommodations.

**24.**

Defendant regarded Plaintiff as being disabled and had been required to make some accommodation at the time of Plaintiff's cardiac events, but Plaintiff

had returned to full-time employment months before the discriminatory events complained of herein.

### 25.

While employed with WRBL, Plaintiff maintained an excellent performance record and received increases in pay and responsibility for such performance.

### 26.

Plaintiff could perform his job well with or without accommodation.

### 27.

During the course of Plaintiff's employment with WRBL, he trained and cross-trained employees in a variety of roles requiring specific skillsets.

### 28.

Those employees, similarly situated, were less than 40 years of age and not regarded as having a disability

## COUNT I
## VIOLATION OF ADAAAA

### 29.

Defendant intentionally, with malice and reckless indifference to Plaintiff's rights, violated the ADAAA by truncating his employment because of his disability and/or his perceived need for reasonable accommodation.

**30.**

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including health insurance benefits.

**31.**

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for physical pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**32.**

Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible under the circumstances, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

**33.**

Defendant's discriminatory conduct has caused and continues to cause Plaintiff to suffer substantial physical and mental/emotional distress, fatigue, and inconvenience.

## COUNT II
## VIOLATION OF ADAAA
## DISCRIMINATORY REDUCTION IN WORK HOURS
## RESPONSIBILITY AND BENEFITS OF EMPLOYMENT

**34.**

Plaintiff had a "regarded as" disability as defined by the ADA Amendments Act in that he had experienced a physical impairment, cardiovascular functional impairment placing Plaintiff at higher risk for stroke, that was not both minor and transitory (lasting 6 months or less).

**35.**

Plaintiff had established a record of his disabilities, including his heart disease, that while substantially limiting several major life activities including, but not limited to, performing some manual tasks, sleeping, standing, lifting, bending, concentrating, thinking, communicating, breathing and walking (when symptomatic) and working at occupational tasks other than those required by Defendant.

**36.**

Once improving to the release for work status, Plaintiff with appropriate medication, was able to perform all job functions for Defendant unimpaired with or without accommodation.


**37.**

Upon information and belief, Defendant would not have penalized Plaintiff had he not had a disability, record of disability or had he not been regarded as disabled.

**38.**

Defendant intentionally, with malice and reckless indifference to Plaintiff's rights, violated the ADAAA by treating him differently than his non-disabled coworkers despite knowing that the ADAAA required equal terms, conditions and privileges of employment for all employees "regarded as" disabled, and equal terms, conditions and privileged of employment for employees with a disability or record of disability.

**39.**

Defendant's actions amount to a violation of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

**40.**

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including health insurance benefits.

**41.**

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff to suffer damages for physical pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**42.**

Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible under the circumstances, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT

**43.**

Defendant cut Plaintiff's compensable time because of his age. This action violated § 4(a)(1) of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623(a)(1).

**44.**

Cutting out almost all of Plaintiff's compensable time amounted to a de facto constructive discharge.

**45.**

Less qualified persons than Plaintiff not 40 years old or more were treated more favorably.

**46.**

As a direct and proximate result of the discharge, because of his age in violation of the ADEA, Plaintiff suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation and lost retirement benefits, insurance benefits, and other employee benefits.

**47.**

Plaintiff was without fault in the premises and has continuously attempted to mitigate his damages without success.

## COUNT IV
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

**48.**

Defendant has acted in bad faith and has been stubbornly litigious, causing Plaintiff unnecessary trouble and expense.

**49.**

Consequently, Plaintiff is entitled to recover attorney's fees pursuant to 42 U.S.C. §§ 12101, *et seq*.

**50**.

Plaintiff is therefore entitled to seek his reasonable costs and expenses, including attorneys' fees, as part of his recovery from Defendant for Defendant's violations of state and federal law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Karem Sledge seeks the following relief:

a) A permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against Plaintiff and other qualified employees on the basis of disability in violation of the ADAAA;

b) Judgment in Plaintiff's favor against Nexstar on Counts I through III of this Complaint;

c) An Order requiring Defendant to make Plaintiff whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's violations of the ADAAA, together with interest thereon;

d) An Order requiring Defendant to reinstate Plaintiff or for front pay equivalent to the pay and benefits Plaintiff would likely have earned were it not for Defendant's unlawful and discriminatory acts;

e) An Order requiring Defendant to compensate Plaintiff for mental and emotional damages, pain and suffering, and for out-of-pocket losses suffered

as a result of Defendant's unlawful and discriminatory acts pursuant to the ADAAA;

f) An award of punitive damages to punish Defendant's willful and intentional violations of the ADAAA as provided by 42 U.S.C. § 12117(a);

g) An Order requiring reinstatement of Plaintiff's right to health insurance and other benefits under Defendant's benefit plans;

h) A jury trial on all issues so triable;

i) An Order granting Plaintiff a reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by the ADAAA;

j) An Order granting Plaintiff costs and attorney's fees per 42 U.S.C. §§ 12101, *et seq.*;

k) An Order finding discrimination because of age and awarding liquidated damages and;

l) Such additional relief as the Court deems proper and just.

Respectfully submitted this 22nd day of July 2020.

                                               */s/ John W. Roper*
                                               **John W. Roper**
                                               Georgia Bar No: 614159

The Roper Law Firm
233 12th Street
Suite 602

Columbus, GA 31901
(706)596-5353
(706)780-1014-fax
johnroper@roperlaw.com